IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                               Case No. 2:05-cr-70-2

Steven C. Freeman

ORDER

The court has received a letter from the defendant requesting a reduction in his sentence. The letter has been docketed as a motion. Defendant notes that under the Fair Sentencing Act of 2010, the amount of cocaine base attributed to him as relevant conduct would be under the amount now necessary to qualify for the mandatory minimum sentence.

Under the provisions of 18 U.S.C. §3582(c), a court may not modify a term of imprisonment once it has been imposed except where the Bureau of Prisons has requested the modification based upon extraordinary circumstances, where modification is permitted under Fed.R.Crim.P. 35, or where the guideline sentencing range for the offense of conviction has been retroactively lowered. None of these circumstances are applicable in this case, and this court does not have the authority to modify defendant's sentence under that statute.

In accordance with the Fair Sentencing Act, the United States Sentencing Commission has proposed an amendment to the United States Sentencing Guidelines ("U.S.S.G.") provisions governing cocaine base offenses which, if not acted upon by Congress, will go into effect on November 1, 2011. Amendment 750 to the Guidelines establishes, among other things, revised drug quantity tables for use in calculating guideline ranges for crack cocaine offenses

which incorporate the new powder cocaine/crack cocaine ratio specified in the Fair Sentencing Act.  However, Amendment 750 changes only the guideline ranges.  It does not amend or repeal any statute requiring a mandatory minimum sentence.  Therefore, even though Amendment 750, Part A, is made retroactive through its listing in the amended version of U.S.S.G. §1B1.10(c), Amendment 750 retroactively changes only the guideline ranges for cocaine base offenses.  Amendment 750 did not and could not make retroactive the Fair Sentencing Act's new drug quantity thresholds for mandatory minimum sentences.  Only Congress can do this, and it did not.  See United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010)(Fair Sentencing Act is not retroactive).

Defendant was originally sentenced to the mandatory minimum term of five years then required by statute. The Guidelines provide: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. §5G1.1(b).  Defendant would not entitled to a reduction of his sentence under the proposed changes to the guideline sentencing ranges.  See U.S.S.G. §1B1.10(a)(2)(B) and Application Note 1(a) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(c)(2) and is not consistent with this policy statement if: ... (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

Since a reduction in defendant's sentence based on the

amendments to the cocaine base guidelines is not permitted due to the statutory mandatory minimum sentence required by law, defendant's motion to modify his term of imprisonment is denied.

Date: October 25, 2011          s/James L. Graham
                                James L. Graham
                                United States District Judge